DECISION
Appellant, Lester S. DeBoard, Jr., appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to the maximum sentence following his conviction for gross sexual imposition and finding him to be a sexual predator. Appellant sets forth the following assignments of error:
 ASSIGNMENT OF ERROR NUMBER 1 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A MAXIMUM TERM OF INCARCERATION WHERE THE FACTUAL CRITERIA TO WARRANT A MAXIMUM TERM WAS NOT PRESENT.
 ASSIGNMENT OF ERROR NUMBER 2 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WHERE THE FACTUAL CRITERIA TO WARRANT SUCH DESIGNATION WAS NOT PRESENT.
Appellant entered a plea of guilty to one count of gross sexual imposition based on his admission that he had approached an eleven-year-old girl at the Worthington Public Library and lured her into the basement, where he traced the outline of her foot and had her perform various exercises while looking up her skirt. Appellant admitted he had a sexual attraction to feet. At the time the guilty plea was entered, a charge of kidnapping was dismissed.
In his first assignment of error, appellant contends the trial court erred in imposing the maximum sentence because the court failed to make the requisite findings pursuant to R.C. 2929.14(C), or state its reasons for imposing the maximum sentence pursuant to R.C. 2929.19(B)(2)(d). R.C. 2929.14(C) provides:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
R.C. 2929.19(B)(2)(d) provides, in pertinent part:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term[.]
Thus, pursuant to R.C. 2929.14(C), the court must make one or more of the specified findings to support imposition of a maximum sentence and, pursuant to R.C. 2929.19(B)(2)(d), the court must give its reasons when imposing the maximum sentence for one offense. In this instance, the court complied with both statutes.
Pursuant to R.C. 2929.14(C), the trial court found that appellant had committed the worst form of the offense and he posed the greatest likelihood of committing future crimes. Pursuant to R.C. 2929.19(B)(2)(d), the court gave as its reasons for imposing the maximum sentence: the young age of the victim; the psychological harm inflicted upon her and her family, as well as the community; and appellant's prior criminal record, including a revocation of his parole. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends the trial court erred in finding him to be a sexual predator based only on the unproven allegations of similar offenses.
A sexual predator is defined in R.C. 2950.01(E) as:
 (E) * * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(3) states in part:
 (3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *
Thus, the statute requires the court to find by clear and convincing evidence that an offender is likely to commit a sexually-oriented offense in the future. "Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future." State v. Ward
(Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
In deciding whether a defendant is a sexual predator, the court must consider the following factors set forth in R.C. 2950.09(B)(2):
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Appellant was found guilty of gross sexual imposition, which is a sexually-oriented offense. Contrary to appellant's assertion, the trial court did not base its finding that appellant was a sexual predator only on numerous other similar, but uncharged, incidents involving appellant, but on his conviction for criminal trespass at Capital University based on his actions in crawling under tables and looking up students' dresses, and a conviction for breaking and entering into the Columbus School for Girls. Although appellant was not charged, the court considered that he was identified as the individual following a young girl around the Upper Arlington Public Library, and approaching another young girl at the Worthington Public Library with a request to trace the outline of her feet. Appellant also admitted to conduct similar to that involved in this case at the Pickerington Public Library in 1999, and the Marvin Memorial Library in Shelby, Ohio. In the presentence investigation, which the court considered, appellant admitted to the probation officer that he had been approaching young girls in libraries for similar purposes since 1995. Appellant further stated in the presentence investigation:
 When asked what turned him on or excited him, DeBoard said feet. He said that he had a foot fetish and was really attracted to the feet of young girls.
Thus, there was clear and convincing evidence to support the trial court's finding that appellant is a sexual predator. Appellant's second assignment of error is overruled.
Therefore, for the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and KENNEDY, JJ., concur.